PATRICK TIERNEY, PLAINTIFF, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, DEFENDANT.

*Perishable property — transportation of, by railroad company — duty of company as to — receipt for — Value — evidence as to.*

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff, and appeal from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages alleged to have been sustained by the plaintiff, through the negligence of the defendant, in the transportation of a car-load of cabbages from Albany to New York.

The court at General Term said : " It is quite plain, I think, that a case was made for the jury on the evidence submitted. The property delivered for transportation was of a character recognized among carriers and forwarders as perishable ; hence, required particular attention and a greater degree of care than would attach to such as is deemed non-perishable. It was received on the sixth and seventh of January ; and due and proper diligence required that it should have been at once forwarded to the city of New York, its place of destination. It was in the car, ready for the freight train at East Albany at 10.40 P. M., from which place those trains were accustomed to leave

for New York every few hours, the running time being ordinarily about eleven hours. The car was left at East Albany for a considerable time, notwithstanding several trains were sent over the road, and did not reach New York until the tenth, and, as the plaintiff testified, until the thirteenth of January. In the meantime, the property was frozen and nearly destroyed. The defendant endeavored to explain and excuse the delay by showing an accumulation of freight at East Albany, but the evidence in support of this hypothesis was inconclusive, to an extent certainly which made it proper to submit the case to the jury on the proof. The learned judge properly held, and instructed the jury that, inasmuch as the property had been delivered and accepted by the company as perishable, it became its duty to forward it by the first train, unless there was such a pressure and accumulation of a similar kind of freight to be transported, and which had previously arrived, as to prevent such immediate action. This instruction to the jury was sound in law. The rule laid down was a reasonable and fair one; it imposed no unjust obligation upon the defendant. If, then, there had been no accumulation of freight for transportation, beyond the ordinary capacity of the road, all of it should have been forwarded in the order of its arrival; but if any delays were necessary, by reason of unusual accumulation, the perishable property should be forwarded in preference to that which was non-perishable. So the judge was right in holding that the defendant was bound to forward the car containing the plaintiff's perishable property, in case there was a pressure of freight cars to be forwarded, in preference to those which contained nonperishable property. * * *

The plaintiff signed a receipt for the property in New York as 'in good order.' It was competent for the plaintiff to show the circumstances under which this receipt was given; and, on this point, he testified that he wanted to sign for the load, 'in poor condition,' but was not allowed to do so. The court held that he was not concluded by the terms of the receipt. In this, there was no error. The receipt was not of binding force as a contract; but, at most, was but an admission, and therefore susceptible of explanation and correction by parol evidence. (*Ellis* v. *Willard*, 9 N. Y., 529.) The plaintiff was allowed to testify against objection that he contracted for a sale of the cabbages at Washington market, in New

York, on the morning of the eighth of January, at from sixteen to twenty dollars a hundred. He also testified that he had dealt in the property and was acquainted with its market value; that the men with whom he contracted were regular dealers at that market, which was the greatest produce market in New York; and, further, that cabbages were worth from sixteen to twenty-five dollars a hundred, according to their quality. What he could obtain from dealers for the cabbages in that public market was evidence bearing on the question of value. This was admissible on that question. Certainly, it was not hurtful, in view of the other evidence as to value, which stood wholly undisputed in the case."

*A. J. Colvin,* for the plaintiff. *Matthew Hale,* for the defendant.

Opinion by BOCKES, J.; LEARNED, P. J., and BOARDMAN, J., concurred.

Order affirmed with costs, and judgment ordered on verdict.